UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAVANNAH MARQUA B., | Case No. 4:24-cv-00533-AKB-REP |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending before the Court is Plaintiff's Petition for Review of the Commissioner of Social Security's denial of Disability Insurance Benefits (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons explained below, the Court adopts the Report and Recommendation of the United States Magistrate Court (Dkt. 23), overrules Plaintiff's objections (Dkt. 24), and affirms the ALJ's decision.

## I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on October 1, 2021, originally alleging disability beginning October 16, 2020 (Dkt. 23 at 1). She was twenty-eight years old on the alleged onset date and has at least a high school education with past relevant work as a food service manager, receptionist, and customer service representative (Dkt. 12 at 42). The ALJ found multiple severe impairments and determined that none of them, singly or in combination, met or equaled a listed impairment (*id.* at 34).

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 1**

The ALJ assessed a residual functional capacity (RFC) for sedentary work with exertional, postural, manipulative, environmental, and mental/social restrictions (Dkt. 12 at 35). The ALJ determined that Plaintiff was unable to perform any past relevant work; however, the ALJ found that "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," and thus Plaintiff was not disabled (*id.* at 42–43). The ALJ ultimately concluded that Plaintiff was not disabled from October 16, 2020, through December 28, 2023—the date of the decision (*id* at 43).

After the Appeals Council denied review (Dkt. 1-1 at 2), Plaintiff sought judicial review in this Court on November 4, 2024 (Dkt. 1). The case was referred to the Magistrate Court, who issued a Report and Recommendation (R&R) on March 5, 2026, recommending the ALJ's decision be affirmed (Dkt. 23). Plaintiff filed objections on March 18 (Dkt. 24), and the Commissioner responded on April 1 (Dkt. 25).

## II.    OBJECTIONS

Plaintiff raises five objections to the R&R. First, she argues the Magistrate Court erred in finding the ALJ provided a non-arbitrary RFC assessment based upon the available evidence (Dkt. 24 at 3). Second, Plaintiff objects to the Magistrate Court's citation to *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002), and any reliance on obsolete portions thereof (Dkt. 24 at 3). Third, she contends the Magistrate Court erred in finding that the ALJ adequately evaluated the objective evidence relating to Plaintiff's symptoms (*id.* at 4). Fourth, Plaintiff objects to the Magistrate Court's analysis of treatment history in considering the ALJ's subjective complaint analysis (*id.* at 5). Finally, she argues the Court should reject the Magistrate Court's finding that her daily

activities and work record were supportive of a rejection of her complaints and denial of benefits (*id.* at 6).

### III.    LEGAL STANDARD

The Court reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1). The ALJ's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

### IV.    ANALYSIS

#### A.    Development of the Record and RFC Assessment

Plaintiff objects to the Magistrate Court's application of *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011), and *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022), for the proposition that "a specific finding of ambiguity or inadequacy in the record is not required to trigger the necessity to further develop the record where the record itself establishes the ambiguity or inadequacy" (Dkt. 24 at 2) (quoting Dkt. 23 at 7). Essentially, she contends that the ALJ improperly resolved conflicting medical evidence without adequate explanation or expert support, and that the Magistrate Court erred by excusing this under *McLeod* and *Farlow* (Dkt. 24 at 2–3). According to Plaintiff, because "[t]he evidence in this case is neither clear nor addressed by an expert," the ALJ was required to provide a non-arbitrary RFC assessment based on the available evidence (*id.* at 3). The Commissioner disagrees, arguing that conflicting evidence does not mean there is an ambiguity requiring further development (Dkt. 25 at 2).

As noted by the Magistrate Court, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). The Magistrate Court concluded that the evidence was not ambiguous or inadequate to the point of triggering the ALJ's duty to further develop the record (Dkt. 23 at 8). The Court agrees.

The ALJ thoroughly reviewed Plaintiff's longitudinal medical history, including objective findings, imaging, and clinical examinations. The record reflects repeated findings of normal neurological functioning, intact reflexes, normal coordination, and largely normal nerve conduction studies of both the upper and lower extremities (Dkt. 12 at 37–41). At the same time, the ALJ acknowledged evidence supporting some degree of impairment, including generalized joint hypermobility, reports of pain and swelling in the extremities, and occasional findings of reduced strength and sensory changes (*id.* at 38–41). Rather than ignore this evidence, the ALJ incorporated it into the residual functional capacity by limiting Plaintiff to a reduced range of sedentary work with postural and environmental restrictions and, notably, limiting her to frequent—rather than constant—handling and fingering with both hands (*id.* at 35).

Plaintiff argues reports of sensory changes, joint pain, and hypermobility and repeated findings of normal muscle bulk and tone, intact or full strength, normal reflexes, normal range of motion, and largely unremarkable nerve conduction studies created an ambiguity, triggering the ALJ's duty to reconcile the RFC impact of the findings (Dkt. 24 at 2). The Court disagrees. Plaintiff's argument identifies competing evidence in the record, but the mere existence of such evidence does not render the record ambiguous or inadequate. *See* 20 C.F.R. § 404.1545(a)(3)

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 4**

(requiring the ALJ to assess RFC based on "all of the relevant medical and other evidence"). The ALJ expressly considered both the abnormal findings cited by Plaintiff and the largely unremarkable objective evidence to formulate Plaintiff's RFC (Dkt. 12 at 37–40). The presence of some evidence that could support a more restrictive limitation does not trigger a duty to further develop the record; rather, it presents a question of evidentiary weight, which is reserved to the ALJ. The Court, therefore, overrules Plaintiff's first objection.

**B.        Deference to ALJ's Evaluation of Plaintiff's Subjective Complaints**

Plaintiff next objects to the Magistrate Court's citation to *Thomas*, 278 F.3d 947, 958–59, for the proposition that the ALJ may consider a claimant's reputation for truthfulness among other factors when assessing the credibility of claimant's subjective symptom testimony (Dkt. 24 at 3). She argues that "this authority is obsolete" because Social Security Ruling 16-3p specifically foreclosed this reasoning, stating that "subjective symptom evaluation is not an examination of an individual's character" (*id.* at 3–4) (quoting SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).

While the Magistrate Court cites to *Thomas* as part of the standard for evaluating subjective complaints (Dkt. 23 at 12–13), its reasoning is not applied in the analysis of Plaintiff's subjective complaints. Rather, the Magistrate Court evaluated Plaintiff's symptom testimony under the governing framework of SSR 16-3p, focusing on the consistency of Plaintiff's statements with the objective medical evidence, treatment history, and reported daily activities (*id.* at 13–16). The analysis did not assess Plaintiff's character or reputation for truthfulness, nor did it rely on any "credibility" determination of the type SSR 16-3p sought to eliminate. Because the Magistrate Court applied the proper legal standard and did not rely on the outdated reasoning Plaintiff attributes to it, Plaintiff has not shown error warranting rejection of the R&R. Accordingly, the Court overrules Plaintiff's second objection.

**C.      Evaluation of Objective Evidence Relating to Plaintiff's Fibromyalgia**

Plaintiff further objects to the Magistrate Court's recommended finding that the ALJ adequately explained the objective evidence relating to her symptoms (Dkt. 24 at 4). Although Plaintiff frames her objection as challenging the ALJ's reliance on objective findings to discount her symptom testimony, she focuses solely on her diagnosis of fibromyalgia (*id.* at 4–5). Plaintiff claims that the ALJ discounted her subjective symptoms based on objective medical evidence, despite the fact that "fibromyalgia is notoriously incompatible with demands for objective findings" (*id.* at 5) (citing *Estrada v. Saul*, 842 F. App'x 154, 155 (9th Cir. 2021)).

In *Estrada*, the Ninth Circuit concluded that the ALJ failed to construe the medical evidence "in light of fibromyalgia's unique symptoms and diagnostic methods" in assessing the credibility of the claimant's symptom testimony. 842 F. App'x at 155. The court explained that because fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms, and there are no laboratory tests to confirm the diagnosis," discounting the claimant's symptom testimony based on a flawed understanding of fibromyalgia was error. *Id.* On remand, the court instructed the ALJ to "address how evidence that [the claimant] at times denied pain comports with the recognition that the symptoms of fibromyalgia can wax and wane so that a person may have bad days and good days." *Id.* (citation modified) (quoting SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012)).

That is not to say that the ALJ must ignore objective medical evidence in evaluating a claimant's symptoms of fibromyalgia. As noted by the Commissioner, the ALJ is required to consider objective medical evidence in evaluating claims based on fibromyalgia symptoms (Dkt. 25 at 4) (citing SSR 12-2p, 2012 WL 3104869, at *2–3). Indeed, the Ninth Circuit has repeatedly emphasized that ALJs should consider "a longitudinal record whenever possible" after a claimant has established a diagnosis of fibromyalgia. *Revels v. Berryhill*, 874 F.3d 648, 657 (9th

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 6**

Cir. 2017) (quoting SSR 12-2p, 2012 WL 3104869, at *6); *see also Smith v. Berryhill*, 752 F. App'x 473, 475–76 (9th Cir. 2019).

The ALJ here did just that. At step 2, the ALJ determined that Plaintiff's fibromyalgia was a severe impairment (Dkt. 12 at 32). The ALJ then considered the longitudinal record to conclude that "such objective evidence, along with the claimant's fibromyalgia diffuse and generalized joint pain and fatigue, support the conclusion the claimant can perform a reduced range of sedentary work" with appropriate restrictions (*id.* at 42). Unlike in *Estrada*, the ALJ did not discount Plaintiff's fibromyalgia symptoms on the ground that they were unsupported by the objective medical evidence. Rather, the ALJ expressly recognized fibromyalgia as a severe impairment and evaluated Plaintiff's allegations in light of the full longitudinal record, including treatment history, reported symptom fluctuation, physical examinations, and daily activities, consistent with SSR 12-2p and Ninth Circuit authority. To the extent Plaintiff suggests the ALJ improperly relied on objective findings alone, that characterization is not supported by the decision, which reflects a broader evaluation of the record as a whole rather than an impermissible demand for objective proof of fibromyalgia symptoms. The Magistrate Court therefore correctly concluded that the ALJ appropriately considered the objective medical evidence in evaluating Plaintiff's fibromyalgia symptoms. Accordingly, the Court overrules Plaintiff's third objection.

## D.    Treatment History as a Basis for Symptom Evaluation

Plaintiff next argues that the Magistrate Court improperly supplied a rationale for the ALJ's symptom evaluation that the ALJ did not actually articulate (Dkt. 24 at 5). Although the Magistrate Court concluded that the ALJ reasonably relied on evidence of improvement with treatment and the conservative nature of Plaintiff's treatment history to discount her subjective complaints, Plaintiff contends the ALJ did not expressly connect those treatment findings to the rejection of her symptom testimony (*id.*). Relying on *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015),

Plaintiff asserts that courts may not affirm an ALJ's decision based on post hoc reasoning that the ALJ herself did not provide (Dkt. 24 at 5). Because the ALJ did not explicitly rely on treatment response or treatment history as a basis for discounting Plaintiff's symptom statements, Plaintiff maintains those rationales cannot be used to uphold the Agency's decision (*id.*). The Commissioner disagrees, arguing that although the ALJ did not affirmatively state that she discounted Plaintiff's symptom testimony because her conditions responded well to treatment, "a reviewing court [is] not deprived of [its] faculties for drawing [appropriate] inferences from the ALJ's opinion" (Dkt. 25 at 5) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989)).

As stated in *Brown-Hunter*, once an ALJ concludes a claimant has provided objective medical evidence of an underlying impairment that could reasonably be expected to produce the claimant's pain or other symptoms alleged, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" 806 F.3d at 492–93 (citation modified) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). There, the ALJ "simply stated her non-credibility conclusion" and failed to provide "any reviewable reasons why she found [the claimant's] testimony to be not credible." *Id.* at 493–94. Therefore, the Ninth Circuit held that the ALJ failed to provide sufficiently specific reasons for its adverse credibility decision. *Id.* at 494.

Unlike *Brown-Hunter*, the ALJ here sufficiently explained her reasons for discounting Plaintiff's symptom testimony, and the Court can easily follow her reasoning and meaningfully review those reasons. *See Kaufman v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (stating that the court considers "the ALJ"s full explanation" and the "entire record"). Furthermore, the ALJ gave clear and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony. The ALJ noted that Plaintiff's testimony was inconsistent with her "somewhat normal

level of daily activity and interaction" (Dkt. 12 at 37). The ALJ then proceeded with a detailed discussion of the clinical examinations and Plaintiff's statements which supported the ALJ's conclusion (*id.* at 37–42). As the Magistrate Court explained, "the ALJ identified evidence of noncompliance with prescribed physical therapy and a nearly-one-year-gap in treatment during the alleged period of disability" (Dkt. 23 at 15; *see also* Dkt. 12 at 37, 39). The ALJ also found that Plaintiff's pain improved with medication, though she noted "this was often times partial and temporary relief" (Dkt. 12 at 40). These are specific, clear and convincing reasons for discounting Plaintiff's symptom testimony. *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (noting "[i]mpairments that can be controlled effectively with medication are not disabling"). Accordingly, the Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record to discount Plaintiff's testimony. Therefore, the Magistrate Court did not err, and the Court overrules Plaintiff's fourth objection.

### E.     ALJ's Finding of Plaintiff's "Active" Lifestyle

Finally, Plaintiff objects to the Magistrate Court's finding that her daily activities supported the ALJ's rejection of Plaintiff's complaints and a denial of benefits (Dkt. 24 at 6). Specifically, Plaintiff argues that the ALJ improperly relied on her part-time work and a vague reference to an "active lifestyle" to discount her subjective complaints (*id.*). The Commissioner responds that "regardless of whether a claimant's activities are commensurate with full-time work, her activities 'may be grounds for discrediting [her] testimony to the extent that they contradict claims of a totally debilitating impairment'" (Dkt. 25 at 5) (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)).

As noted above, the ALJ sufficiently considered Plaintiff's daily activities when discounting her symptom testimony. Indeed, the ALJ noted that Plaintiff stated she is able to "get

outside *a few times a week*" and engage in "*part time work activity* . . . including food delivery and transportation services" (Dkt. 12 at 37) (emphasis added). The Magistrate Court likewise rejected Plaintiff's contention that the ALJ failed to account for the limited nature of her work schedule, explaining that the ALJ expressly recognized that Plaintiff was driving as an Uber driver "a few times a week" and that the goal for treatment was to improve Plaintiff's symptoms "so she could fully participate in activities of daily living" (Dkt. 12 at 36, 39; Dkt. 23 at 15). To the extent Plaintiff suggests that these activities, standing alone, are insufficient to support a non-disability finding, that argument misapprehends the governing standard. The ALJ relied on Plaintiff's activities not in isolation, but as one component of a broader evaluation of the consistency of her symptom allegations with the record as a whole. Accordingly, the Court agrees that the ALJ and Magistrate Court appropriately considered Plaintiff's reported activities in the context of the overall record when evaluating the consistency of her symptom testimony and to support her denial of benefits.

Contrary to Plaintiff's assertion, the ALJ did not independently characterize Plaintiff as having an "active lifestyle." Rather, the ALJ's analysis was based on Plaintiff's reported activities, including her ability to perform part-time work and engage in other daily tasks, as reflected in the decision. The references to an "active lifestyle" appear only in Plaintiff's treatment records, which repeatedly document her own self-reports of her activity level across numerous visits from March 2020 through September 2023 (*see* Dkt. 12 at 337, 344, 351, 551, 554, 557, 560, 564, 566, 570, 573, 580, 587, 596, 598, 651, 655, 658, 883, 888).

Plaintiff has not demonstrated that the ALJ's consideration of her daily activities, as adopted by the Magistrate Court, was erroneous. Accordingly, the Court overrules Plaintiff's fifth objection.

## V.   CONCLUSION

Having conducted a de novo review, the Court finds that the ALJ's decision is supported by substantial evidence and is free of legal error. The Magistrate Court's Report and Recommendation (Dkt. 23) is adopted in full.

## VI.   ORDER

**IT IS ORDERED**:

1.  Plaintiff's Objections (Dkt. 24) are **OVERRULED**.

2.  The Report and Recommendation (Dkt. 23) is **ADOPTED**.

3.  The ALJ's decision denying benefits is **AFFIRMED**.

4.  This action is **DISMISSED** in its entirety with prejudice.

DATED: May 12, 2026

Amanda K. Brailsford
U.S. District Court Judge